UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| CLIFFORD RAY COFFEY,<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 5:15-cv-00160-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. [DE 9; 10.] The Plaintiff, Clifford Ray Coffey, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying his claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Clifford Ray Coffey ("Claimant") filed his claim for DIB and SSI on August 27, 2012, alleging an onset date of August 24, 2012. [TR 24.] The agency denied his application initially and upon reconsideration. [TR 61-62; 83-84.] Claimant requested review by an ALJ, and a hearing was held on October 18, 2013. [TR 40-60.] The ALJ subsequently issued an unfavorable decision on December 3, 2013. [TR 21-39.]

At the time the ALJ's decision was rendered, Claimant was 48 years old. *See* [TR 63.] Claimant obtained a GED and has past relevant work as a concrete carpenter. [TR 45; 56-

57.] He alleges disability due to spinal stenosis and osteoarthritis. [TR 47-49.] Claimant's insured status expires on December 31, 2016. [TR 26.]

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since his alleged onset date of August 24, 2012. [TR 26.] Second, the ALJ found that Claimant suffers from the following severe impairments: degenerative disc disease with spinal stenosis and osteoarthritis. [TR 26.] Third, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 27.]

Next, the ALJ reviewed the record to determine Claimant's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Claimant's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Claimant has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that the claimant is able to frequently balance and can occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl, but is unable to climb ladders, ropes, or scaffolds. [TR 28.] The ALJ further found that Claimant is limited to occasional reaching overhead, but has no reaching limitations in other directions. [TR 28.]

After establishing Claimant's RFC, the ALJ continued to the fourth step. The ALJ asked the VE whether a hypothetical individual with Claimant's vocational factors and RFC could work as a roof carpenter or construction carpenter. [TR 57.] The VE testified that this hypothetical individual could not perform any past relevant work. [TR 57.] Thus, the ALJ moved to the fifth step. The ALJ asked if this hypothetical individual could make an adjustment to other work and the VE noted that this hypothetical individual could perform a number of unskilled and sedentary jobs, including inspector, machine operator, and assembly jobs. [TR 34; 57-58.] Therefore, the ALJ found Claimant not disabled. [TR 34.]

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Council subsequently denied Claimant's request for review on March 30, 2015. [TR 1-6.] Claimant has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec.*

*of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## IV. ANALYSIS

On appeal, Claimant presents three issues for review. First, he argues that the ALJ failed to give sufficient weight to his treating physicians' opinions. Second, he asserts that the ALJ erred by discounting the credibility of his own statements about the severity of his conditions and symptoms. Third, Claimant argues that the ALJ erred in determining his RFC by omitting sitting and standing limitations. The Court will affirm the ALJ's determinations on each of these points because each finding was supported by substantial evidence and made under the proper standards.

*1. The ALJ did not err in discounting the opinions of Claimant's treating physicians.*

First, Claimant argues that the ALJ improperly disregarded the opinions of his treating physicians, Dr. Hays and Dr. Secor. [DE 9 at 3.] Because the ALJ found that the opinions of Dr. Hays and Dr. Secor were not consistent with Claimant's treatment history, the ALJ did not err in discounting their opinions.

The ALJ is required to "evaluate every medical opinion" in the record. *See* 20 C.F.R. § 404.1527(d). Not all medical opinions, however, are treated equally. The opinions of treating physicians, "medical professionals most able to provide a detailed, longitudinal picture," are *generally* afforded the greatest deference. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). But "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it

5

is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Blakley*, 581 F.3d at 406 (quoting SSR 96-2p, 1996 WL 374188 (July 2, 1996)). The ALJ can reject the opinion of the treating physician "if good reasons are identified for not accepting it." *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *see also Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc) (holding that an ALJ may reject the opinion of a treating physician if the treating physician's opinion is divorced from supporting objective evidence).

In this case, the ALJ gave "little weight" to the opinions of Dr. Hays and Dr. Secor for three reasons. [TR 31.] First, the ALJ stated that these opinions were inconsistent with Claimant's treatment records. [TR 31.] Dr. Hays' report opines that Claimant can never climb, balance, or crawl, can sit for less than six hours in a workday, can stand for less than two hours in a workday, and can have only limited exposure to dust, fumes, odors, chemicals, and gases. [TR 436-440.] As to Dr. Hays, the ALJ found that "the medical evidence does not support these limitations because there is no reference to the claimant having a breathing disorder," which discredits the limitations involving lung irritants that Dr. Hays assigned, "and . . . the claimant retained at least 4/5 strength in his extremities and normal station," which undermines the other limitations stated by Dr. Hays. [TR 31.]

Similarly, the ALJ gave little weight to Dr. Secor's opinion that Claimant could only lift 20 pounds occasionally and less than 10 pounds frequently, could stand and walk for less than two hours, and could sit for less than six hours. [TR 494-497.] Dr. Secor also opined that Claimant was limited in pushing and pulling and had a limited ability to reach in all directions." [TR 31.] Again, the ALJ found that Claimant's "treatment history, which lacked neck or back surgery, and the treating notes indicating that the claimant retained at least

6

4/5 strength and the ability to ambulate with only trace antalgic gait did not support this level of limitation." [TR 31.] The ALJ also observed that Dr. Secor's "notes show that the claimant had only slightly diminished strength, and," despite seeing Claimant on a roughly monthly basis, "they did not evidence significant worsening in the claimant's condition." [TR 31.] Furthermore, in contrast to Dr. Hays' and Dr. Secor's opinions, the ALJ cited other medical evidence in the record, such as Dr. Malik's indication that Claimant stood normally and had only slightly diminished strength. [TR 452; 455.] Thus, the ALJ properly supported his conclusion that Dr. Hays' and Dr. Secor's opinions were contradicted by other medical evidence in the record. *See Combs*, 459 F.3d at 652; 20 C.F.R. § 404.1527(c)(3)-(4) (physician statements that are supported by objective medical evidence and consistent with the record as a whole merit more weight).

Second, the ALJ found that the treating physician's opinions "did not adequately account for the claimant's repeated overstatement of symptoms evidenced by a positive Waddell's sign." [TR 31.] Dr. Malik found that Claimant had a positive Waddell's sign. [TR 30; 409.] As the ALJ explained, a positive Waddell's sign "demonstrate[s] an overreaction and disproportionate verbalization and facial expression to pain" and "suggests that the claimant overstated his limitations." [TR 30.] The ALJ properly took into account Dr. Malik's impression that Claimant was exaggerating his pain when weighing Dr. Hays' and Dr. Secor's opinions. *See* 20 C.F.R. § 404.1527(c)(6) (ALJ may consider other factors that tend to contradict an opinion.).

Third, the ALJ also took into account Claimant's own statements about his daily activities, including cooking hamburgers and spaghetti, doing some laundry, taking out the trash, and driving a car. [TR 31.] The ALJ found that "claimant's testimony regarding his ability to perform activities suggested a higher level of functioning" than that recommended

7

by Dr. Hays or Dr. Secor. [TR 31.] This was also a valid consideration tending to undermine the treating physicians' opinions. *See* 20 C.F.R. § 404.1527(c)(6); *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 713 (6th Cir. 1988) (claimant's activities, including childcare, caring for pets, driving, and doing housework, supported ALJ's determination). In sum, the ALJ provided a valid rationale for discounting the highly limiting opinions of Claimant's treating physicians. *See Norris*, 461 Fed. App'x at 440 (determining that the ALJ must provide his reasons for crediting and discrediting certain medical opinions but that the ALJ need not provide a verbose rationale).

*2. The ALJ's credibility determination was supported by substantial evidence.*

Next, Claimant asserts that the ALJ failed to adequately assess his credibility. [DE 9 at 11.] "An ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010). When making this determination, an ALJ is required to resolve evidentiary conflicts and incorporate only those limitations that she finds credible into the RFC assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993). "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987)

Here, the ALJ provided several valid reasons for finding that Claimant's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible. [TR 28.] First, the ALJ engaged in a lengthy discussion of the Claimant's pertinent medical records, *see* [TR 28-32], and found that those records did not support the Claimant's allegations of total disability. [TR 31.]

8

Again, the ALJ found that Claimant's own testimony about his daily activities, such as his statements that he is the primary caretaker of his daughter, undermined his credibility. [TR 32.]; 20 C.F.R. § 404.1529(c)(3)(i); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (an ALJ can "properly determine that [a claimant's] subjective complaints [are] not credible in light of her ability to perform other tasks."). The ALJ concluded that Claimant's daily activities show that he "retains the ability to perform some tasks that could be useful for performing work activity." [TR 32.]

The ALJ further found that "the claimant's treatment history also undermines the claimant's credibility." [TR 32.] Specifically, the ALJ noted that "claimant has been able to alleviate much of his pain through the use of chiropractic treatment, massage therapy, and pain medications," but that "claimant has not been completely compliant with treatment," pointing to the fact that Claimant continues to smoke and abused medication on at least one occasion. [TR 32.] For instance, the ALJ found that "Dr. Malik's treatment notes suggest that the claimant's condition is adequately controlled with pain medication . . . ." [TR 31.] Finally, the ALJ again considered the positive Waddell's signs noted by Dr. Malik, which likewise undermined the credibility of claimant's allegations. [TR 32.] Thus, the ALJ's credibility finding was supported by substantial evidence.

Claimant argues that the ALJ's credibility determination was flawed because it failed to consider that Claimant continued to work in construction despite doctors' suggestions that he stop working. [TR 13.] Claimant argues that this indicates that he is not malingering or magnifying his symptoms. [TR 13.] However, the Commissioner responds that this fact "undercuts Plaintiff's claim, as working despite a longstanding impairments helps to show that he is *not* disabled." *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986) ("the condition was one with which he had been afflicted for many years and which he had in the past

9

managed to tolerate notwithstanding his work."). Even if the Court considered Claimant's continued employment in the light most favorable to the Claimant, it would be insufficient on its own to invalidate the ALJ's well-supported credibility determination.

*3. The ALJ did not err by excluding limitations stated by Claimant's treating physicians and Claimant himself from the RFC.*

Finally, Claimant argues that the RFC assigned by the ALJ is flawed because it "does not take into account his need to alternate sitting and standing as opined by his treating doctors and by [Claimant's] own testimony." [DE 9 at 14.] As previously explained, the Court finds that the ALJ's decision to discount the treating physician's opinions and Claimant's own credibility was valid. Therefore, the ALJ was not required to incorporate limitations from those parties into Claimant's RFC.

Lastly, the Court notes that Claimant cites medical evidence suggesting that his conditions are severe. *See, e.g.,* [DE 9 at 10.] However, where the Commissioner's decision is supported by substantial evidence, the Court must affirm that decision even if there is substantial evidence in the record that would have supported an opposite conclusion. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). Indeed, even if the Court would have decided the matter differently than the ALJ, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996). Here, substantial evidence supported the ALJ's determinations that led to an ultimate finding that Claimant is not disabled, so that finding must be affirmed.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment [DE 9] is **DENIED**;

2. The Commissioner's motion for summary judgment [DE 10] is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated September 9, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY